DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Enrique Vasquez, pled guilty to one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(d), a second degree felony. Appellant raises the following assignment of error:
 "Mr. Vasquez's sentence was unsupported by the record and contrary to law."
On October 27, 2000, appellant was indicted and charged with one count of cocaine possession following the execution of a search warrant on August 20, 2000, in Toledo, Lucas County, Ohio. In the same indictment, two other individuals were charged with possession of cocaine, with a major drug offender specification, and preparation of cocaine for sale.
On June 7, 2001, appellant entered a not guilty plea to the count in the indictment. Thereafter, on July 10, 2001, appellant withdrew his not guilty plea and entered a plea of guilty. On July 26, 2001, appellant was sentenced to a six-year prison term and, based on appellant's affidavit of indigency, the $7,500 mandatory fine was waived. Appellant timely filed a notice of appeal.
In his sole assignment of error, appellant contends that the record does not support his sentence which exceeds the minimum prison term of two years. In particular, appellant disputes the trial court's finding that, under the seriousness of the conduct factors of R.C. 2929.12(B), the offense was part of an organized criminal activity.
The standard of review applicable to this assignment of error is set out in R.C. 2953.08(G)(1). That section provides, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *.
"(d) That the sentence is otherwise contrary to law."
The primary purpose of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). To achieve this purpose a sentence shall not demean the seriousness of an offender's conduct and be consistent with the sentences of offenders who have committed similar crimes. R.C.2929.11(B); see, also, R.C. 2929.13(C).
Pursuant to R.C. 2929.12(A), the trial court has discretion in effectuating the principles and purposes of R.C. 2929.11(A). However, the court is required to consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the conduct, and those factors set forth in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
At the July 26, 2001 sentencing hearing the trial court, under R.C.2929.12(B), found that appellant "acted for hire as part of an organized criminal activity." The court based its finding on the facts and circumstances surrounding the offense, including: the volume of cocaine, 168.17 grams; the firearm found at the house; and the amount of money, $11,190, found on appellant.
Based on the above finding and noting that appellant had a prior misdemeanor conviction, the trial court determined that "pursuant to 2929.14(B), the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public * * *." The court then imposed its sentence.
Upon review of the record in this case we find that clear and convincing evidence existed to support the trial court's findings. Accordingly, appellant's assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., JUDGES CONCUR.